**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Janet Dole, | ) | No. CV-10-2645-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nouveau Riche Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses. (Doc. 53)

Plaintiff, proceeding *pro se*, filed this action on December 9, 2010 to confirm an arbitration award. (Doc. 1) Defendant was served with summons and complaint on February 25, 2011, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. (Doc. 16) On April 12, 2011, the Clerk entered default pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. 21) That same day, the Court entered default judgment in favor of Plaintiff in the amount of $11,274.76.

In her motion to compel, Plaintiff asserts that she mailed interrogatories to Defendant on July 7, 2011.[1] (Doc. 40) Defendant has not responded to the interrogatories in any way.

---

[1] Plaintiff has previously sought the Court's assistance in propounding interrogatories on Defendant. However, the Court advised Plaintiff that her interrogatories did not comply with Federal Rules of Civil Procedure 33 and 34. (Doc. 30) Accordingly, the Court denied Plaintiff's "Motion for Judgment Debtor's Examination via Interrogatories" without

1  Plaintiff certifies that, in an attempt to resolve the discovery issue absent court intervention,

2  she has contacted Sonya Lee, Secretary for Nouveau Riche, by telephone. (Doc. 53)

3  Plaintiff advises that Lee informed Plaintiff that Nouveau Riche has "no assets." (*Id*.) In

4  view of Defendant's failure to respond to Plaintiff's discovery requests, she has filed a

5  motion to compel.

6  Federal Rule of Civil Procedure 69 provides, in pertinent part: "In aid of the judgment

7  or execution, the judgment creditor . . . may obtain discovery from any person-including the

8  judgment debtor-as provided in these rules or by the procedure of the state where the court

9  is located." Fed.R.Civ.P. 69(a)(2). "The discovery contemplated by Rule 69(a) is a distinct

10  phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the

11  supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978).  One

12  purpose of such special discovery is "to identify assets that can be used to satisfy a

13  judgment." *1ST Tech., LLC v. Rational Enters. Ltd.*, 2007 WL 5596692, at * 4 (D.Nev.

14  Nov.13, 2007).

15  Generally, the scope of post-judgment discovery is broad. *Id*., 2007 WL 5596692 at

16  * 4.  Due to its broad scope, a party is free to use any means of discovery allowable under

17  the Federal Rules of Civil Procedure. Fed.R.Civ.P. 69 advisory committee's note to the 1970

18  Amendment indicates that "[t]he amendment assures that, in aid of execution on a judgment,

19  all discovery procedures provided in the rules are available[.]"). "A judgment creditor is

20  therefore ordinarily entitled to a very thorough examination of a judgment debtor with

21  respect to its assets, including discovery [of] the identity and location of any of the judgment

22  debtor's assets, wherever located." *British Int'l Ins. Co. v. Seguros La Republica*, *S.A.*, 2000

23  WL 713057, at * 5 (S.D.N.Y. June 2, 2000) ( "*British International I*" ) (internal citations

24  omitted).

25  In the pending motion, Plaintiff seeks an order compelling Defendant to respond to

26  her interrogatories. Service of post-judgment interrogatories in aid of execution of a

27  _____

28  prejudice.  (*Id*.)

1  judgment is appropriate under Rules 69(a) and 33 of the Federal Rules of Civil Procedure.

2  The record reflects that, on July 7, 2011, Plaintiff served interrogatories on "Nouveau Riche

3  Corp., via Arizona Corporation Commission, Corporate Division." (Doc. 40 at 11) On

4  August 17, 2011, Rebekah Hernandez, an Arizona Corporation Commission ("ACC")

5  employee, "accepted on behalf of the ACC as agent for Nouveau Riche Corporation,"

6  "additional pleadings." (Doc. 46)  Hernandez certified that, on August 5, 2011, she mailed

7  the documents to Defendant/Judgment-debtor Nouveau Riche Corporation at its last known

8  place of business, 15011 N. 75th Street, Scottsdale AZ 85260. (Doc. 46) Thus, it appears that

9  Defendant/Judgment-debtor was served with the interrogatories and has failed to respond.

10  Additionally, Plaintiff states that she has spoken with Sonya Lee, Secretary for

11  Defendant/Judgment-debtor Nouveau Riche, by telephone regarding the interrogatories and

12  has been told simply that Nouveau Riche has "no assets." (Doc. 53)  In view of Defendant

13  Judgment-debtor's complete failure to respond to Plaintiff's interrogatories, the motion to

14  compel will be granted.

15  Accordingly,

16  **IT IS ORDERED** that Plaintiff's Motion to Compel, doc. 53, is **GRANTED**.

17  **IT IS FURTHER ORDERED** that or before **Wednesday, November 16, 2011**,

18  Defendant/Judgment-debtor Nouveau Riche must fully, completely, and without objection

19  respond to each interrogatory in Plaintiff's interrogatories to Defendant/Judgment-debtor,

20  dated July 7, 2011.

21  **IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order

22  to Defendant/Judgment-debtor Nouveau Riche and Sonya Lee, Secretary for Nouveau Riche

23  at the following addresses: 15011 N. 75th Street, Scottsdale, AZ 85260.

24  **IT IS FURTHER ORDERED** that, absent a showing of good cause, if

25  Defendant/Judgment-debtor Nouveau Riche fails to timely comply with this order, Plaintiff

26  may seek, and the Court may thereafter enter, a finding of indirect civil contempt of court

27  and a civil arrest warrant for the arrest of Sonya Lee, Secretary for Defendant/Judgment-

28  debtor Nouveau Riche, and/or any other officer or director of Nouveau Riche by the U.S.

1  Marshal Service for transport to this District Court for further proceedings.

2       Dated this 11th day of October, 2011.

3

4       _____
        Lawrence O. Anderson
5       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28